December 18, 1978

## 78-68 MEMORANDUM OPINION FOR THE ACTING DEPUTY ASSISTANT ATTORNEY GENERAL, LAND AND NATURAL RESOURCES DIVISION

### Department of Justice—Transfer of Funds From Another Agency—Payment for Attorney Services— Economy Act (31 U.S.C. § 686)

This reponds to your request for our opinion concerning the legality of the Department of Justice accepting funds from other agencies in order to employ attorneys to assist in the handling of land acquisition cases. Because there are a number of relevant considerations and several significant variables that would affect our ultimate views, we limit ourselves here to outlining the questions we regard as relevant and to reviewing the alternatives that we have identified.

### I. Background and Summary

The Land and Natural Resources Division has a large backlog of land acquisition cases, many of which emanate from the Department of Energy (relating to the strategic petroleum reserve) or from the Department of Interior's National Park Service.[1]

In the past, this Department has accepted funds from other agencies, including the Departments of Energy and the Interior, for such litigation and has used those funds to employ additional attorneys. Your Division's recent practice has been to hire such persons on a temporary, 1-year basis. For the most part, they have engaged in preparing supporting material or other "agency work," rather than in actually conducting the litigation.

You are considering making a new request to the Department of Energy for such funds.

You ask us to determine whether it is legally appropriate for this Department to accept funds from another agency for the purposes described above and, if the practice is proper, to indicate what kinds of work the attorneys in question may perform. You also request our opinion on other means of obtaining agency assistance in regard to these land acquisition cases.

---

[1] The material supplied by these agencies is often incomplete or out-of-date.

Our conclusions are as follows: In some circumstances, it is proper for this Department to accept funds from another agency, pursuant to § 601 of the Economy Act (31 U.S.C. § 686(a)), for attorney services and to use such funds to employ additional attorneys. The propriety of any such transfer depends, however, upon the particular facts or justification.

Assuming that we can establish a proper basis for accepting agency funds, the type of work that can be done by an attorney paid with such funds depends in part upon the authority of the transferor agency. Because the National Park Service is not authorized to conduct litigation, a Department of Justice attorney employed on the basis of National Park Service funds should ordinarily be limited to supporting—as opposed to conducting—litigation. Where the funding is derived from the Department of Energy, the attorney would have more leeway, because that Department has contingent authority to conduct civil litigation.

Apart from legal issues, practical obstacles may result from the current freeze on Federal employment and the ceilings imposed by the Office of Management and Budget (OMB) and Congress.

There are alternative means of obtaining assistance from the agencies. Agency attorneys might be detailed to this Department under the authority provided by 31 U.S.C. 686 to assist in preparing the cases. And such an employee might be appointed by the Attorney General as a special attorney to conduct the litigation.

## II. Discussion

A primary purpose for creating the Department of Justice was to centralize control of litigation involving the United States or a Federal agency. This is reflected in 28 U.S.C. 516, which reads as follows:

> Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party . . . and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

A parallel section, 5 U.S.C. § 3106, provides that, except as otherwise authorized by law, an executive department "may not employ an attorney . . . for the conduct of [such] litigation . . . or for the securing of evidence therefor, but shall refer the matter to the Department of Justice."

There are various ways in which this Department exercises its authority over civil litigation. Often, substantial assistance is obtained from attorneys of the agency involved in a suit. Depending upon the nature of a case, this Department may call upon agency attorneys not only to provide factual material but also to draft pleadings, briefs, and other papers. At times, in conjunction with attorneys of this Department, agency attorneys take part in judicial proceedings.[2]

---

[2]Such participation by an agency attorney who has not been appointed a special attorney under 28 U.S.C. § 543 or § 515(a) raises a legal issue, one outside the scope of this opinion.

As a practical matter, cooperation between attorneys of this Department and agency attorneys is necessary. As long as this Department retains control over the conduct of the litigation, such cooperation seems consistent with the purposes of 28 U.S.C. § 516 and 5 U.S.C. § 3106.[3]

A related question is allocation of the expense in litigation between this Department and an agency involved in a civil suit. Clearly, when one Department is given sole responsibility for a type of activity, the appropriation of another Department may not properly be used to cover the cost of that activity. *See* 31 U.S.C. 628. With respect to litigation, as the longstanding existence of these cooperative relationships demonstrates, the authority of this Department does not mean that the attorneys of other agencies have no role. It may be assumed that, when Congress appropriates funds for an agency's legal office, Congress intends a portion of such funds to be used to carry out the agency's functions concerning litigation. This may be illustrated by the House hearings on the fiscal year 1979 appropriation for the office of the Solicitor of the Interior Department, in which that office's activities in regard to litigation were discussed.[4]

We are not suggesting that this Department can adopt a practice of charging other agencies for the cost of bringing or defending lawsuits. Our point is that, in general, the other agencies and their attorneys have the responsibility to assist this Department and that agency appropriations may properly be used for that purpose. *Cf.* 39 Comp. Gen. 643, 646-47 (1960) (sustaining payment by the Corps of Engineers of the cost of preparing reports and engineering studies used in defending a suit involving the Corps of Engineers).

A different issue is whether an agency involved in a matter may transfer funds to this Department to defray costs connected with the litigation. A possible basis for such a transfer is § 601 of the Economy Act, 31 U.S.C. 686(a), which reads in part as follows:

> Any executive department . . . if funds are available therefor and if it is determined by the head of such executive department . . . to be in the interest of the Government so to do, may place orders with any other such department . . . for materials, supplies, equipment, work, or services, of any kind that such requisitioned Federal agency may be in a position to supply or equipped to render, and shall pay promptly by check to such Federal agency as may be requisitioned . . . [the] cost thereof . . . .

One requisite for the use of § 601 is that the agency seeking goods or services have "funds . . . available therefor." Here, the question is whether the Departments of Energy and Interior have funds for legal work in these cases. It is proper to conclude that such activity is at least to some extent covered by the

---

[3]Some of these cooperative arrangements are set forth in letters or memoranda of understanding and a compilation of those documents can be found in the Civil Division's Practice Manual.

[4]Hearings on the Department of the Interior and Related Agencies Appropriations for 1979 before a Subcommittee of the House Appropriations Committee, 95th Cong., 2d sess. (1978), Pt. 1, p. 1554 (land acquisition); Pt. 6, p. 667 (environmental suits).

appropriation for the legal staff of the respective departments, but a close review of each Department's appropriation should be undertaken to assess the precise limits on that source of funds.

A further consideration is whether, in the present circumstances, the purchase of legal services from this Department is in accord with the purpose of § 601.[5] That is, would it be more economical or efficient for this Department, rather than the other agency, to provide the services? Although we are not able to provide definitive answers, we can indicate pertinent factors and possible justifications.

An effort should be made to show why the agency's responsibilities could not be satisfactorily performed by the agency's own staff or by using the funds to increase the agency's staff. One possible rationale would be that, even though "agency work," such as fact-gathering, is involved, it can be performed more efficiently within the Department of Justice, because this Department has a better understanding of the legal issues and the type of record required for a lawsuit. Thus, even though the funds will be used to hire an additional attorney, it is more effective to have the Department of Justice do so. The attorney will be responsible to, and will have the benefit of supervision by, your Division or a United States Attorney. If the additional attorney is to be assigned to a United States Attorney's Office in a city where the other agency has no office, that geographic advantage might be a partial justification for the transfer of funds to this Department.

Before any such transfer is made, however, the justification for it should be spelled out and should be determined to be adequate by the respective departments.[6]

Next question is the restrictions upon the type of work that the attorneys hired with agency funds may do. As a general matter, the agency funds must be used for functions that could properly be performed by an agency attorney. The General Accounting Office (GAO) insists on this limitation, and we concur.[7] It is, however, difficult to determine precisely how much authority Energy and Interior have. The only clear conclusion is that each agency does have *some* proper role. The meaning of "agency work" concerning litigation varies, depending upon the nature of the lawsuit, the needs of this Department, and the authority of the other agency. Ordinarily, Department of the Interior attorneys cannot make court appearances and, therefore, Interior funds should not be used for that purpose. A Department of Justice attorney whose salary is based

---

[5]For a discussion of the history of § 601. *see* 52 Comp. Gen. 128. 131-33 (1972) (contracts funded by EPA and another agency).

[6]The General Accounting Office has taken the position that requisites for use of the Economy Act are (1) that the transferor agency possesses the legal authority to perform the funded undertakings itself, and (2) that. in at least certain circumstances, the transferor agency has independent statutory authority to make fund transfers. The first requirement is a sensible one, and we will address it in more detail in the following section. The second requirement seems to us, however, to be unnecessary. The Economy Act itself is one that should provide sufficient authority for fund transfers, but we have as yet not resolved this interpretative difference with GAO. If you ultimately determine to rely on this Act, this subsidiary issue should be discussed with GAO.

[7]*See* footnote 5 above.

upon Department of the Interior funds could, however, assist in the drafting of papers and in preparing a case for trial.

Because of the potential litigation authority of the Department of Energy,[8] it might be proper for a Department of Justice attorney whose salary is derived from the Department of Energy to have basic responsibility for the conduct of litigation. The theory would be that the Department of Energy has funds for conducting litigation itself and, in appropriate circumstances, may elect to transfer such funds to the Department of Justice.

Apart from the legal issues outlined above, there may be practical obstacles to your Division's using agency funds to hire attorneys on a temporary basis.[9]

President Carter recently imposed a freeze upon Federal hiring. It is implemented by OMB Bulletin 79-2 and limits the ability of Federal agencies to fill future vacancies. The freeze applies to full-time permanent employment, but the OMB bulletin states (par. 3) that there is to be no use of temporary hiring to circumvent the freeze.

In addition, each year through the budget process, OMB establishes employment ceilings for each agency.[10] There are two ceilings—one for full-time permanent employment and one for total employment. The latter ceiling encompasses temporary employees. Section 311 of the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, provides that the total number of Federal civilian employees on September 30, 1979, may not exceed the number on September 30, 1977.

These limits may mean that it will be difficult for your Division to obtain approval for the temporary positions.

The hiring freeze and the employment ceilings are governmentwide and may also make it unlikely that the problem of backlog can be dealt with by increasing the permanent staff of your Division or the other agencies. There are other alternatives, however, which do not involve additional hiring.

The Department of Energy or Department of the Interior might detail one or more of its attorneys to your Division to assist regarding the land acquisition cases. In the past, in somewhat similar circumstances, agency employees have been detailed to this Department, *e.g.*, to the Civil or Civil Rights Division. The salaries of the detailed persons would be paid by the other agency.

Under 28 U.S.C. 543, the Attorney General has authority to name special attorneys to assist United States Attorneys. Under 28 U.S.C. § 515, the Attorney General may appoint any attorney, as a special assistant or special

---

[8]Section 502(c) of the Department of Energy Organization Act, 42 U.S.C. 7192(c), provides that, except for Federal Energy Regulatory Commission litigation, litigation of the Department of Energy is subject to the supervision of the Attorney General. The Attorney General may authorize a Department of Energy attorney to conduct civil litigation in any court except the Supreme Court.

Earlier this year, the two Departments entered into a memorandum of understanding regarding civil litigation.

[9]We have not attempted to determine whether employing such persons on a 1-year basis is consistent with Civil Service Commission or other applicable standards.

[10]*See* OMB Circular A-64.

attorney, to conduct any kind of legal proceeding.[11] This authority might be used with respect to a Department of Energy or Department of the Interior attorney, who would then be able to take full responsibility for a suit or class of suits.

Regarding the Department of Energy, another possibility, in light of 42 U.S.C. § 7192(c), would be for the Attorney General to assign basic responsibility for one or more cases to Department of Energy attorneys.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[11] 28 U.S.C. § 515(b) provides that the salary of such an attorney may not exceed $12,000 per year. The Executive Office for United States Attorneys takes the position that this limit does not apply to persons appointed under 28 U.S.C. § 543.